# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELUIS GARCIA GONZALEZ,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 8:17-cv-00636-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Joseluis Garcia Gonzalez appeals from the Commissioner's denial of Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 9, 10] and briefs addressing disputed issues in the case [Dkt. 23 ("Pltf.'s Br.") & Dkt. 24 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On August 30, 2011, Plaintiff filed applications for DIB and SSI alleging disability from July 18, 2009. [AR 103-110.] The applications were denied initially on October 6, 2011, and upon reconsideration on December 21, 2011. [AR 57-60;

64-68.] A hearing was held on July 12, 2012. [AR 249-259.] Subsequently, an investigation revealed that Plaintiff replaced the front lawn of his house by himself, repaired the front lawn sprinkler system, and lifted heavy items while performing other maintenance on his house. [AR 181-184, 240-241.] On June 20, 2013, a second hearing was held to address the findings in the investigation report. [AR 238-248.] The ALJ issued a decision denying Plaintiff's request for benefits on August 23, 2013. [AR 12-23.] Plaintiff requested review from the Appeals Council, which denied review on January 28, 2015. [AR 4-8.] Plaintiff filed an action in this Court, and, shortly thereafter, the parties agreed to a voluntary remand for the purpose of "re-evaluat[ing] the medical source opinions in the record, and explain[ing] the reasons for the weight he gives to those opinions." [AR 300-301.] The Court accepted the stipulation and "remanded for further proceedings consistent with the terms of the Stipulation of Remand." [AR 302.]

A third hearing was held on September 29, 2016 before the same ALJ, Joseph P. Lisiecki III. [AR 413-434.] On December 27, 2016, the ALJ issued a decision again denying Plaintiff's request for benefits. [AR 260-278.] Plaintiff now seeks review directly from this Court. *See* 20 C.F.R. §§ 404.984, 416.1484.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since July 18, 2009, the alleged onset date, through December 31, 2014, his date last insured. [AR 269.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: polyarticular disc degeneration of the cervical spine and lumbar spine. [*Id.* (citing 20 C.F.R. §§ § 404.1520(c) and 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [M]edium work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can perform all postural activities on a frequent basis.

[AR 269-270.] Applying this RFC, the ALJ found that Plaintiff is able to perform past relevant work as a construction worker II and cleaner and, thus, is not disabled. [AR 276.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff's sole contention is that the ALJ is bound by his finding in his first decision that consultative examiner, Dr. H. Harlan Bleecker's, opinion is entitled to "great weight" and erred by affording "little weight" to Dr. Bleecker's opinion in his second decision. [Pltf.'s Br. at 4-10.]

Plaintiff argues that this Court's Order of October 14, 2015, and the subsequent Appeals Council's Order remanded the matter to the ALJ with instructions to "further examin[e] [] the sitting, standing, and walking limitations," recognizing that "the ALJ found Dr. Bleecker's opinion [to] merit[] 'great weight.'" [Pltf.'s Br. at 5.] The Commissioner, on the other hand, contends that "neither the Court's remand order nor the Appeals Council's remand order required the ALJ to give any particular weight to Dr. Bleecker's opinion." [Def.'s Br. at 5.] Rather,

"they both specifically stated that the ALJ was to re-evaluate the opinion evidence in this case." [*Id.*] The Court finds that the ALJ did not reopen the case beyond the issues identified in the October 14, 2015 Order of this Court or the Appeals Council's Order.

As a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court. *See F.C.C. v. Pottsville Broadcasting Co.,* 309 U.S. 134, 145 (1940); *see also United Gas Improvement Co. v. Continental Oil Co.,* 381 U.S. 392, 406 (1965) (explaining that the agency must act upon the court's correction on remand). More recently, the Supreme Court has recognized that the Commissioner is not free to disregard its marching orders on remand:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining claimant disability. *Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.*

*See Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) (emphasis added; internal citations omitted).

Plaintiff argues that the ALJ is bound by his previous finding that Dr. Bleecker's opinion is entitled to "great weight." [Pltf.'s Br. at 4, 8; AR 21.] This argument is misplaced. The Court's remand order approved the parties' stipulation, voluntarily remanding the case for the purpose of "*re-evaluat[ing]* the medical source opinions in the record, and explain[ing] the reasons for the weight he gives to those opinions." [AR 300-301 (emphasis added).] In addition, the Appeals Council remand order required "*further evaluation of Dr. Bleecker's opinion* and its impact

4

on multiple steps in the sequential evaluation process." [AR 311 (emphasis added).] Thus, both orders specifically required the ALJ to re-evaluate Dr. Bleecker's medical source opinion. The ALJ complied and found, upon re-evaluation, that Dr. Bleecker's opinion is entitled to "little weight." [AR 274.]

The Court now turns to the substance of the ALJ's decision and finds that the ALJ's evaluation of Dr. Bleecker's opinion is supported by substantial evidence.

In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician and specific and legitimate reasons supported by substantial evidence to reject the contradicted opinion of a treating or examining physician. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31).

Dr. Bleecker examined Plaintiff in January 2013. [AR 273.] Dr. Bleecker noted that Plaintiff was a poor historian, but nonetheless diagnosed Plaintiff with degenerative disc disease and degenerative arthritis of the cervical and lumbar spine and acetabular protrusion and degenerative arthritis of the right hip. Dr. Bleecker opined that Plaintiff could: (1) lift and carry ten pounds frequently and twenty pounds occasionally, (2) sit for thirty minutes; (3) stand and walk for thirty minutes; (4) and stand and walk for six hours in an eight-hour workday. [*Id.*] He stated that Plaintiff did not require use of a cane, could occasionally reach overhead with the upper extremities, and could otherwise reach, handle, finger, feel, push, and pull frequently. [*Id.*] He reported that Plaintiff could use both feet and could occasionally climb stairs and ramps, but could not climb ladders or scaffolds. [*Id.*] He opined that Plaintiff could occasionally balance, stoop, crouch, crawl, and kneel. [*Id.*] In addition, Plaintiff could perform activities such as: shopping, traveling

without a companion, ambulating without using an assistive device, and taking public transportation. [*Id.*] Plaintiff was able to climb a few steps at a reasonable pace with the use of a handrail and could prepare meals and otherwise take care of himself. [*Id.*]

Dr. Timothy K. Ross, M.D., an orthopedic surgeon, examined Plaintiff several years later in April 2016. [AR 275.] Dr. Ross found that Plaintiff had polyarticular/disc degeneration and reported a possibility of bilateral plantar fasciitis. [*Id.*] However, Dr. Ross noted "no evidence of any significant extremity tendinopathy or mobility limitations" and "no indication for advanced diagnostic testing or operative intervention." [*Id.*] He further noted that Plaintiff's orthopedic condition was "stable." [*Id.*] Dr. Ross opined that Plaintiff could lift or carry fifty pounds occasionally and twenty-five pounds frequently and could stand or walk for six hours in an eight-hour workday. [*Id.*] Dr. Ross found that Plaintiff had no restriction with regard to sitting or using his extremities and did not require an assistive device or any form of orthosis. [*Id.*] The ALJ gave Dr. Ross' assessment "great weight." Given the conflicting opinions, the Court will uphold the ALJ's determination that Dr. Bleecker's opinion is entitled to less weight if the ALJ gave specific and legitimate reasons, based on substantial evidence, for according "little weight" to Dr. Bleecker's opinion. *Lester*, 81 F.3d at 830-31.

Here, the ALJ found that Dr. Bleecker's opinion is entitled to "little weight" because it is: (1) "not consistent with the other evidence" and (2) not consistent with "[Plaintiff's] activities." [AR 274.] Specifically, the ALJ found that Dr. Bleecker's opinion that Plaintiff could not sit, stand, or walk for more than thirty minutes at a time was inaccurate because Plaintiff "is regularly able to work in his yard and engage in strenuous activities for long periods of time." [*Id.*] The ALJ similarly found Dr. Bleecker's lifting and carrying limitations inaccurate given that Plaintiff's "actual activity level [] includes lifting and carrying heavy items." [*Id.*] Lastly, the ALJ found Dr. Bleecker's limitations regarding Plaintiff ability to reach overhead,

6

climb, balance, stop, crouch, crawl, and kneel to be similarly contradicted by Plaintiff's "ability to perform strenuous yard work on a regular basis." [*Id.*] These activities cited by the ALJ were taken from the investigative report, which included information obtained by interviews with third party witnesses. [AR 181-184.] One witness described Plaintiff's ability to walk normally without an assistive device, drive his truck on a daily basis, and work on his house and yard. [AR 183.] The witness observed Plaintiff "remove the grass from his yard and plant new grass by himself." [*Id.*] A second witness also observed Plaintiff working on his yard and "driving a blue pickup truck loaded with supplies and materials that he uses to fix his house." [*Id.*] The witness described Plaintiff as "carrying what appeared to be heavy items from his truck to his residence," "install[ing] a new sprinkler system and new landscaping by himself," and "pull[ing] the old grass from his lawn using manual tools rather than power equipment." [AR 183-184.] At the June 20, 2013 supplemental hearing, Plaintiff admitted that he performed these activities but stated that he "did it very slowly" and with the help of others. [AR 241-242.] The ALJ found Plaintiff's testimony to be less than fully credible. [AR 275-276.] Plaintiff does not challenge this finding here. Accordingly, the Court presumes that the adverse credibility finding was legally valid.

Inconsistency with daily activities is a specific and legitimate reason for discounting a treating or examining physician's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir. 1999); *Fisher v. Astrue*, 429 Fed.Appx. 649, 652 (9th Cir. 2011). Thus, the ALJ's identification of inconsistencies between Plaintiff's daily activities and the highly restrictive limitations in Dr. Bleecker's opinion constitutes a specific and legitimate reason for giving his opinion little weight.

The ALJ also found that there is "nothing in the evidence" to support Dr. Bleecker's opinion that Plaintiff could not sit, stand, or walk for more than thirty minutes at a time. An ALJ may discredit any treating or examining physician's

7

opinion that is unsupported by the medical record as whole or by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ described numerous medical records indicating that Plaintiff had normal gait, normal muscle strength, no atrophy, and no muscle spasms. [AR 156-157, 271-273, 405.] The ALJ therefore properly rejected Dr. Bleecker's opinion for the specific and legitimate reason that it was not supported by the objective medical evidence of record, as well as for inconsistency with Plaintiff's daily activities, as discussed above. Although Plaintiff disagrees with the ALJ's conclusion, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041; *see Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). This issue, therefore, does not warrant remand.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: April 25, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

8